IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICOLE SPARKS et al.,** | : | |
| ***Individually and on behalf of all others*** | : | |
| ***Similarly Situated,*** | : | |
| *Plaintiffs,* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **THE CHILDREN'S PLACE,** | : | **No. 17-1057** |
| *Defendants.* | : | |

## MEMORANDUM

PRATTER, J.                                                                                    OCTOBER 19, 2017

After opting in to an FLSA collective action against The Children's Place filed in the

District of New Jersey, Nicole Sparks and Amirah Pasha filed this purported class action lawsuit

pursuant to the Pennsylvania Minimum Wage Act ("PMWA") based on the same facts

underlying the FLSA suit.  The Children's Place moved to dismiss the Complaint or to compel

arbitration.  After hearing oral argument and allowing supplemental briefing, the Court will grant

The Children's Place's motion, but stay the case, rather than dismiss it.

### BACKGROUND

Nicole Sparks and Amirah Pasha allege that when they worked as store managers for

Defendant The Children's Place, they were not paid overtime and were misclassified as exempt

from the PMWA to avoid the payment of overtime, despite the fact that their job duties did not

significantly differ from non-exempt employees.  In their one-count Complaint, they seek to

represent a class of all store managers who worked in The Children's Place stores located in

Pennsylvania in the past three years.

Plaintiffs originally filed their Complaint in state court, and The Children's Place removed the case to this Court on the basis of diversity jurisdiction. The Children's Place then moved to dismiss on two grounds – claim splitting and an arbitration agreement which they argue applies to the Named Plaintiffs.

## DISCUSSION

The Children's Place argues that these claims should be dismissed under the doctrine of claim splitting.[1] "The longstanding rule against improper claim splitting prohibits a plaintiff from prosecuting his case piecemeal and requires that all claims arising out of a single alleged wrong be presented in one action." *Prewitt v. Walgreens Co.*, No. CIV.A. 12-6967, 2013 WL 6284166, at \*5 (E.D. Pa. Dec. 2, 2013). The Children's Place argues that because the Plaintiffs are also opt-in Plaintiffs in a nationwide FLSA collective action that is currently pending in the District of New Jersey, *Essex v. Children's Place*, Civil Action No. 15-cv-5621 (D.N.J.), the Complaint in this matter should be dismissed because it amounts to improper claim splitting.

In the *Essex* case, a court certified an FLSA collective action[2] involving the same issues complained of in this case – that store managers at The Children's Place were misclassified as exempt in order to avoid paying earned overtime compensation. Both of the Named Plaintiffs in this action opted in to that litigation, and the same lawyers represent the Plaintiffs in both suits. The fact sections of the complaints in both cases are identical. The Children's Place urges that because both lawsuits involve the same parties, the same or similar claims, and the same set of

---

[1] Alternatively, The Children's Place asks the Court to compel the Plaintiffs to arbitrate their claims, an issue which raises unsettled questions of law. *See, e.g.,* Note, *The Substantive Waiver Doctrine in Employment Arbitration Law*, 130 Harv. L. Rev. 2205 (2017) (discussing the split of authority over whether agreements to individually arbitrate statutory employment claims are enforceable, an issue that has been taken up by the Supreme Court in *Lewis v. Epic Sys. Corp.*, 137 S. Ct. 809 (2017 ) (granting cert.)). Because the Court will resolve this matter on the claim splitting issue, however, the Court need not and, hence, does not reach the arbitration issue.

[2] The *Essex* matter also involves claims under Maryland wage and hour laws.

operative facts, the Court should dismiss this second-filed suit as duplicative. *See Hebert v. MudTech Servs.*, No. 15cv0933, 2015 WL 5602669, at \*6-7 (W.D. Pa. Sept. 23, 2015) (dismissing case in which plaintiff attempted to bring a PMWA class action claim after he had opted in to an FLSA collective action in another district involving the same failure to pay overtime); *Bradley v. The Children's Place*, Case No. 2017 CH 01124 (Ill. Cir. Ct. Cook Cty., Aug. 21, 2017) (staying state law class action lawsuit brought by opt-in plaintiffs in the *Essex* litigation under Illinois state law's claim splitting doctrine).

Plaintiffs advance several arguments against The Children's Place's claim splitting theory, none of which are availing. First, they counter that they seek to represent more than 65 store managers in Pennsylvania who did not join the *Essex* action. Of course, the fact that other potential class members are not splitting their claims, however, does not change the fact that the Named Plaintiffs are. These Plaintiffs have offered no rejoinder to this logical circumstance.

Plaintiffs also argue that they are not *actual* plaintiffs in *Essex*, but rather "party plaintiffs." Indeed, in Plaintiffs' attempt to discredit *Hebert*, a case that is strikingly similar to this one, they argue that a major flaw in *Hebert* is that the court there did not deal with the differences between party plaintiffs and actual plaintiffs. Plaintiffs do not, however, cite to any case law or statute that explains how a "party plaintiff" differs from a plaintiff in any meaningful way, other than to point out that a party plaintiff's claims are dismissed without prejudice if a collective action is decertified and to argue, without citing authority, that as party plaintiffs they could not have sought to amend the complaint in *Essex* to include Pennsylvania state law claims. The Third Circuit Court of Appeals, however, has explained that the significance of the opt-in requirement of collective actions, in contrast to class actions involving opt-outs, is that "'every plaintiff who opts in to a collective action has party status, whereas unnamed class members

in Rule 23 class actions do not.'"  *Halle v. W. Penn. Allegheny Health Sys., Inc.*, 842 F.3d 215,

225 (3d Cir. 2016) (quoting 7B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & P.* § 1807

(3d Ed. 2016)).

It is true that courts have not yet fully sculpted what "party status" means under these

circumstances.  *See id.*  However, at a minimum, Plaintiffs affirmatively joined in *Essex* and

agreed to be bound by the outcome of that case.  When they did so, these Plaintiffs knew that

*Essex* did not include Pennsylvania state law claims and, for that matter, that any final judgment

reached in that case on the FLSA claims likely would have a preclusive effect as to any

analogous Pennsylvania state law claim, even though, as Plaintiffs point out, there are some

differences between the PMWA and the FLSA, including the potential amount of damages that

would be recoverable.  Even if they could not have moved to amend the complaint in *Essex*

successfully to add Pennsylvania state law claims (something they did not seek to do), their

status does not differ significantly from plaintiffs in other cases whose claims were barred by the

claim splitting doctrine after they tried and failed to amend a complaint in a first-filed action.

*See, e.g., Prewitt*, 2013 WL 6284166, at *5-6.

Plaintiffs also claim there is a risk that *Essex* will not be finally certified for trial, which

will lead to their claims being dismissed from that action without prejudice.  They argue that if

they have to wait for their role in *Essex* to end to bring their Pennsylvania claims, their claims

will be worth less because the statute of limitations will bar recovery for wages earned more than

three years prior to the filing of the new case.[3]  While this argument does not provide a defense

---

[3] Along the same lines, in finding fault with the *Hebert* court, Plaintiffs argue that the *Hebert* court
dismissed that case without prejudice but did not deal with the consequences of doing that (*i.e.*, the loss of
claim value as the statute of limitations crept forward).  However, the Plaintiffs mischaracterize *Hebert*.
Plaintiffs attempt to portray *Hebert* as forcing that plaintiff to await the resolution (on the merits or
otherwise) of his prior case before filing a new case based on state law claims.  However, in *Hebert*, the
plaintiff argued that he had voluntarily withdrawn his claim in the FLSA action and therefore was not

4

to Plaintiffs' claim splitting, it does provide a reasonable basis for staying this matter, just as the

*Bradley* court did under nearly identical circumstances, rather than dismissing it. *See Bradley,*

Case No. 2017 CH 01124, at 8-9 (staying state law wage claim while *Essex* remains pending to

protect plaintiffs' claims if *Essex* is decertified). The doctrine of claim splitting is intended to

prevent a defendant from having to deal with piecemeal litigation of the same issues. Staying the

case will prevent The Children's Place from having to spend resources on duplicative litigation,

but will also preserve the Plaintiffs' claims in the event that *Essex* is decertified and the

Plaintiffs' claims in that action are dismissed without prejudice.

CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendant's

motion. An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER
United States District Judge

---

filing duplicative litigation. *Hebert,* 2015 WL 5602669, at *4. From a review of the docket in the
previously filed case, the court concluded that the plaintiff had filed a motion to withdraw from that
action, but that the motion was still pending. *Id.* Therefore, the court dismissed the case without
prejudice, noting that the plaintiff's voluntary withdrawal from the other suit would cure the claim
splitting issue and allow him to refile his PMWA claim. *Id.* at *7. Thus, the decision to dismiss the claim
without prejudice did not ignore the risks that the plaintiff's claims in the first-filed action would be
dismissed without prejudice, leaving that plaintiff with only a delayed remedy under state law, but rather
it simply allowed the plaintiff to extricate himself from the first action voluntarily, a process he had
already begun, before his claims in the second case proceeded.

5